UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4696

WINSTON WOODROW FRENCH,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-97-41-F)

Submitted: August 11, 1998

Decided: September 2, 1998

Before MURNAGHAN and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Gordon Widenhouse,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Thomas B. Murphy, Assis-
tant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Winston Woodrow French appeals from his fifty-seven month sentence imposed after his guilty plea to one count of knowingly possessing cellular telephones that had been modified and altered to obtain the unauthorized use of telecommunications services in violation of 18 U.S.C.A. § 1029(a)(5) (West Supp. 1998). He contends that the district court erred in denying him a two-point reduction in his offense level for acceptance of responsibility and in departing upward because criminal history category VI under-represented his criminal history. For the reasons that follow, we affirm French's sentence.

In the plea agreement, French acknowledged that the sentencing court was not bound by any sentencing recommendation or by any agreement as to the application of the guidelines and that even if a sentence up to the statutory maximum were imposed, French could not withdraw his guilty plea. French expressly waived all rights to appeal "whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing." The guilty plea was accepted by the district court at a hearing conducted according to the requirements of Fed. R. Crim. P. 11. During the hearing, the district court specifically inquired about the waiver provision, and French affirmed his intention to waive his appeal rights. A defendant may waive the right to appeal if that waiver is knowingly and voluntarily made. See United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). French does not allege that his waiver was not knowingly and voluntarily made. Although the plea agreement provided that a two-level downward adjustment was warranted for French's acceptance of responsibility, this agreement was subject to French's conduct prior to sentencing, and was not binding on the court. Accordingly, we find that French waived his right to appeal on this basis.

2

French also challenges the upward departure from the guideline range based on the sentencing court's conclusion that Criminal History Category VI did not adequately reflect the seriousness of his past criminal conduct. Although French waived his right to appeal, this issue is properly before the court because French reserved the right to appeal from an upward departure from the established guideline range.

A court may depart upward "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." USSG § 4A1.3, p.s.* The section is designed to deal with defendants who possess an extensive record that is not adequately reflected by their criminal history category, or those whose criminal background shows them to pose a greater risk of serious recidivism. See United States v. Blake, 81 F.3d 498, 504 (4th Cir. 1996) (quoting USSG § 4A1.3, comment. (backgd)). The decision to depart in an atypical case is reviewed for abuse of discretion. See United States v. Rybicki, 96 F.3d 754, 756-57 (4th Cir. 1996) (citing Koon v. United States , 518 U.S. 81 (1996)).

As a basis for the one offense level upward departure in this case, the district court specifically found that criminal history category VI did not adequately represent French's past criminal conduct and tendency to recidivism. French had an extensive ten-year history of criminal activity ranging from numerous counts of unauthorized use of a motor vehicle before he was sixteen years old to several drug crimes, armed robbery, breaking and entering, firearms offenses, and a number of assaults. Although French asserts that his criminal history is typical of a person in criminal history category VI, we find no abuse of discretion in the district court's conclusion that category VI failed to "adequately capture the seriousness of the defendant's past criminal conduct." French also displayed a propensity to commit future crimes, as evidenced by his repeated violations of the terms of his federal bond release, his violation of each of his three prior terms of supervised release, and his continued assaults and criminal behavior while incarcerated. In light of this conduct and the leniency of French's past sentences, we find no abuse of discretion in the district court's

_____

*U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1995).

3

upward departure from offense level fifteen to offense level sixteen. See United States v. Cash, 983 F.2d 558, 561 & n.6 (4th Cir. 1992).

In conclusion, we affirm French's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4